UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              Plaintiff,

      -against-                             8:19-CV-1334 (LEK/CFH)

AMBER STEVENS, et al.,

                             Defendants.

---

## DECISION AND ORDER

## I.    INTRODUCTION

Currently before the Court, in this real property foreclosure action filed by the United States of America ("Plaintiff") against Amber M. Stevens, Sean Barr, Nicholas Garder, DDS, and Village of Gouverneur, a Municipal Corporation ("Defendants"), is Plaintiff's second motion for default judgment and for judgment of foreclosure and sale pursuant to Fed. R. Civ. P. 55(b). Dkt. No. 21 ("Second Motion for Default Judgement"). For the reasons stated below, the Court grants Plaintiff's motion.

## II.    BACKGROUND

### A.  Plaintiff's Complaint

Plaintiff's original complaint listed Amber Stevens ("Stevens"), Village of Gouverneur, and Nicholas Gardner, DDS ("Gardner") as defendants, along with John Doe, Mary Roe, and XYZ Corporation. Dkt. No. 1. Subsequently, Plaintiff determined the identity of the John Doe defendant to be Sean Barr ("Barr"), and filed an amended complaint adding Barr as a defendant and removing John Doe, Mary Roe, and XYZ Corporation. Dkt. No. 6 ("Amended Complaint") at 4.

In its Amended Complaint, Plaintiff seeks a judgment of foreclosure and sale related to a property mortgaged to Stevens, for which Plaintiff is the owner and holder of the mortgage and promissory note. Id. at 1, 4. Plaintiff alleges that, on or about June 17, 2010, Stevens obtained a mortgage for a sum of $88,940.00 with a 4.875% interest rate to be paid in monthly installments on real property located at 190 Rock Island Street, Gouverneur, NY 13642 in St. Lawrence County, New York. Id. at 1–2. Plaintiff additionally alleges that Defendants have violated the provisions of the mortgage and promissory note by failing to pay the required monthly installments of principal and interest beginning April 17, 2014, and by failing to pay the real property taxes associated with the property. Id. at 2.

### B.  Plaintiff's Service of the Complaint and Defendants' Failure to Answer

Evidence provided by Plaintiff shows that Plaintiff served Defendants as follows: (a) Stevens was served in person at 190 Rock Island Street, Gouverneur, NY 13624 on November 7, 2019; (b) Village of Gouverneur was served via service on its Court Treasurer on November 7, 2019; (c) Gardner was served in person at 119 East Main Street, Gouverneur, NY 13642 on November 7, 2019; and (d) Barr was served by leaving the summons and Complaint with his wife, Amber Barr (aka Stevens), at his usual place of abode (190 Rock Island Street, Gouverneur, NY 13624) on January 2, 2020. Sec. Mot. for Default Judgement at 118–21.[1]

_____

[1] The Court notes that Stevens, Village of Gouverneur, and Gardner were served with the original complaint, while only Barr was served with the Amended Complaint. See Sec. Mot. for Default Judgement at 118–21. Ordinarily, under Fed. R. Civ. P. 5 an amended complaint must be served on all defendants. However, under Fed. R. Civ. P. 5(a)(2), "[n]o service is required on a party who is in default for failing to appear" unless the new pleading "asserts a new claim for relief against such a party." Furthermore, for the purposes of Fed. R. Civ. P. 5(a)(2), a party fails to appear when it misses the deadline to file an answer; no entry of default is required. See E. Armata, Inc. v. E. End Produce, Inc., No. 15-CV-0044, 2015 WL 10457210, at *3 (E.D.N.Y. Jan. 7, 2015), report and recommendation adopted, 2016 WL 917935 (E.D.N.Y. Mar. 9, 2016) ("For the purposes of [Fed. R. Civ. P. 5 (a)(2)], a party has failed to appear if it does not . . . appear within the time proscribed for answering or otherwise responding to the complaint; no

Defendants' answers to the Amended Complaint were due by December 30, 2019, Dkt. Entry for December 17, 2019, but were never filed. Dkt.

### C.  Clerk's Office's Entry of Default and Defendants' Non-Appearance

On January 24, 2020, Plaintiff filed a request for entry of default. Dkt. No. 9. On January 28, 2020, the Clerk of the Court entered default against all four Defendants. Dkt. No. 10. As of the date of this Decision and Order, none of these Defendants have appeared or attempted to cure the entry of default. See Docket.

### D.  Plaintiff's First Motion for Default Judgment

On March 13, 2020, Plaintiff filed a motion for default judgement as to all four Defendants. Dkt. No. 13. On March 26, 2020, Plaintiff requested that the case be stayed for 60 days due to the COVID-19 pandemic. Dkt. No. 15. The Court granted this request. Dkt. No. 16. This stay was extended until March 2021. Dkt. Nos. 17–19. On March 17, 2021, Plaintiff filed a letter requesting that the stay be lifted and the original motion for default judgement be considered. Dkt. No. 19. Plaintiff noted that while an executive order barred the Department of Agriculture from proceeding with foreclosures of occupied properties, the property here had become vacant in February 2021. See id. The Court lifted the stay, but noted that Plaintiff had not "explained the legal and evidentiary bases for its conclusion that applicable executive orders

---

entry of default by the clerk is required."). Here, Stevens, Village of Gouverneur, and Gardner were required to file their answers to the original complaint by November 29, 2019 but failed to do so. Dkt. Entry for November 19, 2019. Plaintiff's Amended Complaint was filed on December 16, 2019 and did not include new claims against Stevens, Village of Gouverneur, or Gardner. See generally Am. Compl. As such, Plaintiff was not required to serve the Amended Complaint on Stevens, Village of Gouverneur, and Gardner.

permit foreclosure under the present circumstances."[2] Dkt. No. 20. As such, the Court denied

Plaintiff's motion for default judgement without prejudice. Id.

### E.  Plaintiff's Second Motion for Default Judgment and Defendants' Non-Response

On May 4, 2021, Plaintiff filed its Second Motion for Default Judgment, now before the

Court. Sec. Mot. for Default Judgement. Plaintiff asserts that it is entitled to the following

damages as of April 1, 2021: (a) unpaid principle of $77,988.92; (b) unpaid interest of

$26,790.99; (c) subsidies that may be recaptured of $0.00; (d) escrow of $27,431.07; (e) late

charges of $28.20; and (f) property management/Caretaker of $1,019.67, and inspection costs of

$253.00. Id. at 135. These damages sum to $133,511.85.

Defendants were required to file a response to Plaintiff's motion by May 25, 2021. Dkt.

No. 21. As of the date of this Decision and Order, no Defendant has filed any response or made

any appearance in this action.

## III.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must

follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v.

Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting

Robertson v. Doe, No. 05–CV–7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

> First, under Rule 55(a), when a party fails to plead or otherwise
> defend . . . the clerk must enter the party's default. Second,
> pursuant to Rule 55(b)(2), the party seeking default judgment is
> required to present its application for entry of judgment to the
> court. . . . Notice of the application must be sent to the defaulting

---

[2] The Court notes that in its Second Motion for Default Judgement, Plaintiff has provided additional information about the executive order and evidence that the property is vacant. However, the Court need not consider this evidence because the executive order in question expired on July 31, 2021 and is no longer in effect. Press Release, U.S. Department of Agriculture, Biden-Harris Administration Extends Eviction Moratorium for Homeowners, https://www.usda.gov/media/press-releases/2021/07/30/biden-harris-administration-extends-eviction-moratorium-homeowners (July 30, 2021).

> party so that it has an opportunity to show cause why the court
> should not enter a default judgment.

Id. (citations and internal quotation marks omitted).

When determining whether to grant a default judgment, the Court must consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170–71 (2d Cir. 2001); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). "An unexcused or unexplained failure to provide an answer to the Complaint will itself demonstrate willfulness," as does failing to respond to both a complaint and a subsequent motion for default judgment. United States v. Silverman, No. 15-CV-0022, 2017 WL 745732, at *3 (E.D.N.Y. Feb. 3, 2017) (citing S.E.C. v. McNulty, 137 F.3d 732, 738-39 (2d Cir. 1998); Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F.Supp.2d 177, 188 (E.D.N.Y.2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). However, "even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189.

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment;

(3) a copy of the pleading to which no response has been made; and (4) an affidavit. The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(b).

## IV.    DISCUSSION

An entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 188 (2d Cir. 2015).

The Court finds that Plaintiff has met the procedural requirements of Local Rule 55.2(b). As such, the Court considers whether Plaintiff has sufficiently alleged the substantive requirements of its specific claim.

"Pursuant to New York common law, in a mortgage foreclosure action, 'a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.'" United States v. Castner, No. 19-CV-1447, 2021 WL 1564785, at *4 (N.D.N.Y. Apr. 21, 2021) (quoting U.S. Bank, N.A. v. Squadron VCD, LLC, 504 F. App'x 30, 32 (2d Cir. 2012)). "Additionally, the New York Real Property Actions and Proceedings Law sets forth procedural

requirements including (a) the service of statutory notice to the mortgagor with the summons and complaint, (b) the giving of notice to the mortgagor before the commencement of a legal action, (c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services, and (d) the filing of a notice of pendency." Id.

Plaintiff has sufficiently shown that all the above requirements are met in support of its Second Motion for Default Judgment. Specifically, Plaintiff has provided a copy of the promissory note and mortgage at issue and proof of default. Sec. Mot. for Default Judgment at 9–11, 16–22, 130–33. Additionally, related to the other procedural requirements, Plaintiff served the statutory notice along with the Complaint, and has provided copies of the notice given to the defaulting parties, a proof of filing statement documenting the information filed with the Superintendent of the New York State Department of Financial Services, and the Notice of Pendency filed with the Jefferson County Clerk on September 19, 2019. Am. Compl. at 32–35; Sec. Mot. for Default Judgment at 106–09, 111, 126–27. As a result, the Court finds that Plaintiff has sufficiently established liability against the relevant Defendants on its claim.

There is no indication that Defendants have any meritorious defense against Plaintiff's claim, nor any indication that Defendants would be unduly prejudiced by the entry of default judgment without a further opportunity to appear and respond. Indeed, Plaintiff would be harmed by further delay because Plaintiff has received no payments on the mortgaged property since 2014 and remains responsible for certain expenses related to that property. As such, default judgement is appropriate.

As to damages, Plaintiff provided an affidavit from Mirian Jackson, who states that she is Lead Foreclosure Specialist with the United States Department of Agriculture Rural Housing Service. Id. at 135–37. Ms. Jackson states that, according to the official business records of the

Rural Housing Service that are maintained on a computer located in the Central Office in St. Louis, Missouri, as of April 1, 2021, there was a total amount of $133,511.85 due and owing to Plaintiff under the mortgage and promissory note. Id. at 45. The precise breakdown of this amount owed is as described above in Part II.E. The Court finds that these amounts have been sufficiently established by the documents provided for the purposes of this unopposed motion.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's motion for default judgment against Amber Stevens, Village of Gouverneur, a Municipal Corporation, Nicholas Gardner DDS, and Sean Barr (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED**, that the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 190 Rock Island Street, Gouverneur, NY 13642, a parcel of land improved with a single-family home, is to be sold in and as one parcel, as a sale in one parcel with be most beneficial to the interests of the parties; and it is further

**ORDERED**, that the sale be conducted at public auction at the Supreme Courthouse for the County of St. Lawrence, 48 Court St, Canton, NY 1361 or at another such suitable location, by and under the direction of David McNulty, United States Marshal for the Northern District of New York, who is hereby directed to make the sale of said premises; and it is further

**ORDERED**, that the United States Marshal shall give public notice of the time and place of the sale as follows:

1)   Causing a copy of the Notice of Sale to be sent by mail in a prepaid wrapper to the Defendants at the following addresses:

       a.   Amber M. Stevens a/k/a Amber Barr
          190 Rock Island Street
          Gouverneur, NY 13642

        b.  Village of Gouverneur, A Municipal Corporation
           33 Clinton Street
           Gouverneur, NY 13642

        c.  Nicholas Gardner, DDS
           119 East Main Street
           Gouverneur, NY 1364

        d.  Sean Barr
           190 Rock Island Street
           Gouverneur, NY 13642

2) Posting copies of the Notice of Sale in three (3) conspicuous public places in St. Lawrence County, New York; and

3) Causing the Notice of Sale to be published once weekly for four (4) consecutive weeks in the Daily Courier-Observer, a newspaper of general circulation published in St. Lawrence County; the Notice of Sale need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property as 190 Rock Island Street, Gouverneur, NY 13642; and it is further

**ORDERED**, that Plaintiff or any other party to this action may become a purchaser on such sale; and it is further

**ORDERED**, that the United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and, upon receiving the proceeds of the sale, forthwith pay the following items:

FIRST, United States Marshal's fees and commissions on the sale, not to exceed the sum of $300.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale; and

THIRD, the sum of $133,511.85, with interest thereon from April 1, 2021, the amount

owing to Plaintiff and secured by the mortgage that is the subject of this action, or so

much thereof as the purchase money of the mortgaged premises will pay of the same; and

it is further

**ORDERED**, that, in the event that Plaintiff is the purchaser of the mortgaged premises at

the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this

judgment shall be assigned to or acquired by Plaintiff and a valid assignment thereof is filed with

the United States Marshal, the United States Marshal shall not require Plaintiff to pay in cash the

entire amount bid at the sale, but shall execute and deliver to Plaintiff a deed of the premises sold

upon payment to the United States Marshal of the amounts specified above in the items marked

FIRST and SECOND; the balance of the amount bid, after deducting therefrom the amounts paid

by Plaintiff, shall be allowed to Plaintiff as specified above in the item marked THIRD; if, after

applying the balance of the amount bid there shall be a surplus over and above the said amounts

due to Plaintiff, Plaintiff shall pay to the United States Marshal, upon delivery to it of the deed,

the amount of that surplus, after which the United States Marshal shall then make the payments

as herein directed; and it is further

**ORDERED**, that the United States Marshal take the receipt of Plaintiff or its attorney for

the amounts paid as hereinabove directed in the item marked THIRD and file it with his Report

of Sale; and it is further

**ORDERED**, that surplus monies, if any, shall then be deposited in the Registry of this

Court, to be withdrawn only on the order of this Court; and it is further

**ORDERED**, that the United States Marshal make his Report of Sale and file it with the

Clerk of this Court with all convenient speed, and, if the proceeds of the sale are insufficient to

pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, the United States Marshal shall specify the amount of such deficiency in the Report of Sale; and it is further

**ORDERED**, that the purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and it is further

**ORDERED**, that Defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, are forever barred and foreclosed of all right, title, interest, claim, lien, and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      December 06, 2021
            Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge